JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-cv-6792

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jade Andrews, on behalf of herself and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff  **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq., Murphy Law Group, LLC, Eight Penn Center, Suite 1803, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-283-1054

## DEFENDANTS
City Fitness Management, Inc. d/b/a City Fitness Philadelphia also d/b/a City Fitness Philly

County of Residence of First Listed Defendant  **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. 201, et seq.
Brief description of cause:
Failure to pay wages and overtime compensation under the FLSA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 12/22/15    SIGNATURE OF ATTORNEY OF RECORD

DEC 22 2015
S.T.

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 103 West Girard Ave, Apartment 3, Philadelphia, PA 19123-1630

15   6792

Address of Defendant: 200 Spring Garden Street, Philadelphia, PA 19123

Place of Accident, Incident or Transaction: 200 Spring Garden Street, Philadelphia, PA 19123
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Labor Standards Act

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Michael Murphy, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 12/22/15   _____   91262
   Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/22/15   _____   91262
   Attorney-at-Law   Attorney I.D.#

DEC 22 2015

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA



## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jade Andrews, et al. | : | CIVIL ACTION |
| v. | : | |
| City Fitness Management, Inc., d/b/a City Fitness Philadelphia, also d/b/a City Fitness Philly | : | 15    6792<br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| | | |
|---|---|---|
| 12/22/15 | _Attorney-at-law_ | Jade Andrews, Plaintiff |
| **Date** | | **Attorney for** |
| (267) 273-1054 | (215) 525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 22 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JADE ANDREWS, individually and on : 
behalf of all others similarly situated, :  15    6792
103 West Girard Avenue, Apartment 3 :
Philadelphia, PA 19123-1630 : CIVIL ACTION NO.:
:
:
        Plaintiff, :
: JURY TRIAL DEMANDED
    v. :
:
CITY FITNESS MANAGEMENT, INC., d/b/a :
CITY FITNESS PHILADELPHIA, also d/b/a :
CITY FITNESS PHILLY :
200 Spring Garden Street :
Philadelphia, PA 19123 :
:
        Defendant. :

---

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jade Andrews ("Plaintiff"), by and through her attorneys, brings this action, individually and on behalf of all other persons similarly situated against her prior employer, City Fitness Management, Inc. d/b/a City Fitness Philadelphia, also d/b/a City Fitness Philly (hereinafter, "Defendant"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

### INTRODUCTION

1. Plaintiff brings this Complaint contending that the Defendant has improperly failed to pay her and all similarly situated employees compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*

2. Plaintiff additionally brings this Complaint contending that Defendant unlawfully retaliated against her for reporting and/or instituting a complaint about Defendant's failure to comply with the requirements of the FLSA.

3. Defendant has failed to aggregate the hours Plaintiff, and all others similarly situated, worked at its various locations, and therefore failed to compensate Plaintiff, and all others similarly situated, at an overtime rate of pay for compensable work performed in excess of forty (40) hours per week.

4. Plaintiff brings this action on a representative basis seeking monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress to Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer… in any Federal of State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. This Court also has jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her FLSA claims.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

9. Plaintiff Jade Andrews is a citizen of the United States and Pennsylvania, and currently maintains a residence at 103 West Girard Avenue, Apartment 3, Philadelphia, Pennsylvania 19123-1630.

10. Upon information and belief, Defendant City Fitness Management, Inc., d/b/a City Fitness Philadelphia, also d/b/a City Fitness Philly is a corporation organized under the laws of the state of Pennsylvania with a registered office address of 200 Spring Garden Street, Philadelphia, PA 19123.

11. Defendant operates four (4) fitness studios in Philadelphia, which engage in nearly identical activities, have unified operations, common control, and common business purposes.

12. Defendant directs its employees to perform work at multiple worksites, and on some occasions, has required employees to perform work at more than one location in a particular day.

13. Defendant operates a fitness studio upon its premises at 2101 South Street, Philadelphia, PA 19146 ("Graduate Hospital location"), wherein it maintains the ability to hire, terminate, and discipline employees, implement work rules and assignments, establish working conditions, control of routine supervision, and retain records with respect to employee payroll and taxes.

14. Defendant operates a second fitness studio upon its premises at 200 Spring Garden Street, Philadelphia, PA 19123 ("Northern Liberties location"), wherein it maintains the ability to hire, terminate, and discipline employees, implement work rules and assignments,

establish working conditions, control of routine supervision, and retain records with respect to employee payroll and taxes.

15. Defendant operates a third fitness studio upon its premises at 1148 Wharton Street, Philadelphia, PA 19147 ("South Philadelphia location"), wherein it maintains the ability to hire, terminate, and discipline employees, implement work rules and assignments, establish working conditions, control of routine supervision, and retain records with respect to employee payroll and taxes.

16. Finally, Defendant operates a fourth fitness studio upon its premises at 400 Walnut Street, Philadelphia, PA 19106 ("City Fit Studio location"), wherein it maintains the ability to hire, terminate, and discipline employees, implement work rules and assignments, establish working conditions, control of routine supervision, and retain records with respect to employee payroll and taxes.

17. Carl Geiger ("Mr. Geiger"), Co-Owner, and Ken Davies ("Mr. Davies"), Co-Owner, cooperatively own, operate, and manage Defendant's Graduate Hospital location, Northern Liberties location, South Philadelphia location, and City Fit Studio location.

18. Based upon the working relationship among Defendant's Graduate Hospital location, Northern Liberties location, South Philadelphia location, and City Fit Studio location, Defendant's multiple locations constitute a single enterprise for the purposes of the FLSA.

19. Defendant's Graduate Hospital location, Northern Liberties location, Spring Garden location, and City Fit Studio location are also joint employers within the meaning of the FLSA. See 29 C.F.R. § 791.2.

20. Defendant is a "private employer" and covered by the FLSA.

21. Plaintiff has been employed by Defendant during all times relevant hereto, and as such is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Paragraphs 1 through 21 are hereby incorporated by reference as though same were set fourth at length herein.

23. This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

24. Pursuant to 29 U.S.C. 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant who were subject to Defendant's unlawful pay practices and who have worked for Defendant at any point in the three (3) years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

25. In violation of the provisions of the FLSA, Defendant failed to pay Plaintiff overtime compensation for all hours worked over forty (40) in a week.

26. In violation of the provisions of the FLSA, Defendant failed to pay Class Plaintiffs overtime compensation for all hours worked over forty (40) in a week.

27. In violation of the FLSA, Defendant also failed to accurately track, record, and report the hours worked by Plaintiff. This policy and practice of Defendant is unequivocal evidence of Defendant's willful and improper failure to follow the provisions of the FLSA.

28. In violation of the FLSA, Defendant also failed to accurately track, record, and report the hours worked by Class Plaintiffs. This policy and practice of Defendant is

unequivocal evidence of Defendant's willful and improper failure to follow the provisions of the FLSA.

29. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## FACTS COMMON TO ALL COLLECTIVE CLAIMS

30. Paragraphs 1 through 29 are hereby incorporated by reference as though the same were more fully set forth at length herein.

31. On or about July 10, 2014, Plaintiff was hired by Defendant as a Maintenance Employee.

32. Plaintiff performed compensable work at Defendant's Graduate Hospital location, Norther Liberties location, South Philadelphia location, and City Fit Studio location.

33. Upon information and belief, Defendant employs or has employed at least two (2) other individuals in the position of Maintenance Employee. Further, Defendant employs in excess of ten (10) additional individuals that were or are similarly subject to Defendant's unlawful pay practices described herein, including Front Desk Associates.

34. Plaintiff's job duties predominantly included rendering services to Defendant's fitness studio customers, including maintaining machinery, completing retail sale transactions, and providing customer support services.

35. Class Plaintiffs' job duties predominantly include rendering services to Defendant's fitness studio customers, including maintaining machinery, completing retail sale transactions, and providing customer support services.

36. Plaintiff would routinely work at least fifty-five (55) hours per week, typically working from 8:30 a.m. until 7:30 p.m., Monday through Friday.

37. Over the course of her employment, Plaintiff performed approximately thirty (30) to forty (40) hours of compensable work each workweek at Defendant's Northern Liberties location, and an additional fifteen (15) to twenty-five (25) hours of compensable work each workweek among Defendant's Graduate Hospital location, South Philadelphia location, and City Fit Studio location.

38. Plaintiff worked in excess of forty (40) hours per week.

39. Class Plaintiffs routinely worked in excess of forty (40) hours per week among Defendant's Graduate Hospital location, Northern Liberties location, South Philadelphia location, and City Fit Studio location. In fact, Class Plaintiffs would routinely work at least forty-five (45) hours per week among Defendant's four fitness studios.

40. Despite the fact that Plaintiff worked in excess of forty (40) hours per week, Plaintiff did not receive overtime compensation for all work performed in excess of forty (40) hours per week at a rate of one and one half (1.5) times her regular rate of pay.

41. Despite the fact that Class Plaintiffs worked in excess of forty (40) hours per week, Class Plaintiffs did not receive overtime compensation for all work performed in excess of forty (40) hours per week at a rate of one and one half (1.5) times their regular rates of pay.

42. In violation of the provisions of the FLSA/PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff.

43. In violation of the provisions of the FLSA/PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Class Plaintiffs.

44. Defendant was aware that Plaintiff was not being properly compensated.

45. Defendant was aware that Class Plaintiffs were not being properly compensated.

46. Defendant provided Plaintiff with separate weekly paychecks for each of its respective locations.

47. Defendant provided Class Plaintiffs with separate weekly paychecks for each of its respective locations.

48. Plaintiff's work performed among of Defendant's locations, in the aggregate, exceeded forty (40) hours per week.

49. Class Plaintiffs' work performed among all of Defendant's locations, in the aggregate, exceed forty (40) hours per week.

50. Despite the fact that Plaintiff performed work for Defendant in excess of forty (40) hours per week, Plaintiff was only paid at her regular rate of pay.

51. Despite the fact that Class Plaintiffs performed work for Defendant in excess of forty (40) hours per week, Class Plaintiffs were only paid at her regular rate of pay.

52. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

53. As a result of Defendant's aforesaid illegal actions, Class Plaintiffs have suffered damages.

### FACTS RELEVANT TO PLAINTIFF'S INDIVIDUAL CLAIM FOR RETALIATION UNDER THE FLSA

54. Paragraphs 1 through 53 are hereby incorporated by reference as though the same were fully set forth at length herein.

55. Throughout the course of her employment, Plaintiff routinely questioned Defendant's management regarding Defendant's failure to pay overtime compensation.

56. In or about early August 2015, Plaintiff reported to Diana Hicks ("Ms. Hicks"), Manager, that she believed Defendant was improperly failing to pay her at an overtime rate of pay for all hours worked over forty (40) each workweek.

57. Shortly thereafter, Defendant began retaliating against Plaintiff as a result of her report of Defendant's unlawful wage and hour practices.

58. By way of example, on or about August 20, 2015, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP"), despite her satisfactory work performance.

59. In the PIP, Defendant specifically complained that Plaintiff wore a Bluetooth device while working, an alleged violation of company policy.

60. However, several of Plaintiff's colleagues, including those in similar job positions to that of Plaintiff, were permitted to wear Bluetooth devices at work without being subject to discipline.

61. In or about mid-July, 2015, Defendant approved Plaintiff's request for vacation leave from August 22, 2015 until August 28, 2015.

62. In or about mid-August, 2015, Defendant approved Plaintiff's request for an additional day of vacation leave on August 21, 2015.

63. Nevertheless, on or about August 31, 2015, Plaintiff was terminated for allegedly failing to request leave for August 21, 2015, despite the fact that Defendant had previously approved her request for leave.

64. Defendant's alleged reason for Plaintiff's termination is pretextual. Plaintiff was actually terminated in retaliation for her August 2015 report of unpaid overtime compensation.

65. Accordingly, Plaintiff was, within the meaning of the FLSA and PMWA a non-exempt employee of Defendant.

66. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, et seq.
## FAILURE TO PAY OVERTIME COMPENSATION

67. Paragraphs 1 through 66 are hereby incorporated by reference as though the same were more fully set forth at length herein.

68. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

69. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to one and one half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

70. According to the policies and practices of Defendant, Plaintiff was routinely required to work in excess of forty (40) hours per week.

71. Plaintiff was denied compensation at an overtime rate of pay of one and one half (1.5) times her regular rate of pay for hours worked over forty (40) in workweek, in violation of the FLSA.

72. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

73. Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

74. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A. An order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the positions of Maintenance Employee and Front Desk Associate, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for compensable hours in excess of forty (40) hours per week;

E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H. Awarding pre and post-judgment interest and court costs as further allowed by

law;

I.  Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.  For all additional general and equitable relief to which Plaintiff and the Class may be entitled.

## COUNT II
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, et seq.
## **RETALIATION**

75.  Paragraphs 1 through 74 are hereby incorporated by reference as though the same were more fully set forth at length herein.

76.  The actions of the Defendant, as stated aforesaid, constitute unlawful retaliation in violation of the provisions of the FLSA entitling Plaintiff to all appropriate damages and remedies available under the FLSA.

**WHEREFORE,** as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.  Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B.  Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C.  Awarding Plaintiff liquidated damages in accordance with the FSLA;

D.  Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.  Awarding pre- and post-judgment interest and court costs as further allowed by law; and

F.  Such other and further relief as is just and equitable under the circumstances.

## COUNT III
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, et seq.
## FAILURE TO PAY WAGES AND OVERTIME COMPENSATION

77.  Paragraphs 1 through 76 are hereby incorporated by reference as though the same were more fully set forth at length herein

78.  The PMWA provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

79.  The PMWA further provides that "employees shall be paid for overtime not less than one and one half (1.5) times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

80.  By its actions alleged above, Defendant has violated the provisions of the PMWA by failing to properly pay overtime compensation to Plaintiff and Class Plaintiffs.

81.  As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the PMWA, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.  An Order certifying this case as a class action and designating Plaintiff as the

representatives of the Class and their counsel as class counsel;

  B. An award to Plaintiff and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

  C. An award to Plaintiff and the Class of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

  D. An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT IV
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, et seq.

  82. Paragraphs 1 through 81 are hereby incorporated by reference as though the same were more fully set forth at length herein.

  83. In or about August of 2014, Plaintiff and Defendant entered into an agreement by which Plaintiff was to be paid nine dollars and twenty-five cents ($9.25) per hour for each hour worked, and thirteen dollars and eighty-eight cents ($13.88) for each hour worked over forty (40) in a workweek. Defendant failed to pay Plaintiff at a rate of thirteen dollars and eighty-eight cents ($13.88) for each hour worked over forty (40) in a workweek.

  84. By its actions alleged above, Defendant has violated the provisions of the WPCL by failing to pay wages earned by Plaintiff and owed to Plaintiff pursuant to Defendant's policies, practices, and agreements with Plaintiff.

  85. As a result of Defendant's unlawful acts, Plaintiff has been deprived of compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, and liquidated damages, together with costs and attorney's fees pursuant to the WPCL.

**WHEREFORE,** Plaintiff prays for relief on behalf of herself and the Class to the fullest extent permitted by law including, but not limited to, the award of any and all damages Plaintiff and the Class are entitled to under applicable law.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____
Michael Murphy, Esquire
Michael C. Groh, Esquire
Erica Kane, Esquire
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated:   December 22, 2015

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.